# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION, ZTE (USA) INC., AND ZTE (TX), INC.<br><br>Defendants. | § CIVIL ACTION NO. 6:20-cv-487-ADA<br>§ CIVIL ACTION NO. 6:20-cv-488-ADA<br>§ CIVIL ACTION NO. 6:20-cv-489-ADA<br>§ CIVIL ACTION NO. 6:20-cv-490-ADA<br>§ CIVIL ACTION NO. 6:20-cv-491-ADA<br>§ CIVIL ACTION NO. 6:20-cv-492-ADA<br>§ CIVIL ACTION NO. 6:20-cv-493-ADA<br>§ CIVIL ACTION NO. 6:20-cv-494-ADA<br>§ CIVIL ACTION NO. 6:20-cv-495-ADA<br>§ CIVIL ACTION NO. 6:20-cv-496-ADA<br>§ CIVIL ACTION NO. 6:20-cv-497-ADA<br>§<br>§ **JURY TRIAL DEMANDED** |

**RESPONSE OPPOSING ZTE (TX), INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE AND ZTE CORPORATION'S MOTION TO DISMISS OR TRANSFER**

ZTE Corporation's motion to dismiss or transfer should be denied as moot. Defendant ZTE (TX), Inc.'s ("ZTE TX's") motion to dismiss or transfer should be denied because venue is proper under the first prong of 28 U.S.C. § 1400(b).

## ZTE CORPORATION'S MOTION TO DISMISS

ZTE Corporation's motion to dismiss challenges the sufficiency of WSOU Investments, LLC d/b/a Brazos Licensing and Development's ("WSOU's") complaint, claiming it fails to adequately allege facts supporting a prima facie showing that ZTE Corp. is subject to personal jurisdiction. While WSOU disputes ZTE Corp.'s challenge to the adequacy of the allegations in WSOU's complaint, WSOU has amended its complaint to address the alleged deficiencies. ZTE Corp.'s motion to dismiss is mooted by WSOU's amended complaint and should be denied as moot.

## ZTE TX's MOTION TO DISMISS

**I.   RELEVANT FACTS**

It is undisputed that ZTE TX is a resident of Texas. Mtn., Shan Decl. ¶ 3. Further, ZTE TX admits it maintained an office in this District at 7000 Mopac Expressway, 2nd Floor, Austin, Texas (the "Austin" office) until August 31, 2018. *Id.* ¶ 14. ZTE TX claims it has not maintained a physical location in the State of Texas since August 31, 2018, but Travis County property records suggest otherwise, indicating that ZTE TX has continued to pay taxes on personal property at its Austin office through 2020. Loveless Decl., Ex. 13. Further, ZTE TX maintained its registered office in Texas at 8151 Brozos Street, Suite 500, Austin, Texas 78701 from November 2, 2018 until May 14, 2020. Loveless Decl., Ex. 14.

WSOU filed its original complaints against ZTE TX in this District between March 23, 2020 and March 31, 2020. *See* Civil Action Nos. 6:20-cv-211, -216, -224, -228, -229, -231, -238, -240, -242, -254, and -255. ZTE TX <u>accepted service of WSOU's original complaints at the office of ZTE TX's registered agent in Austin, Texas</u>. *See, e.g.* Civil Action No. 6:20-cv-00211-ADA, Dkt. 10.

On May 14, 2020, ZTE TX changed its registered office from Austin, Texas to Dallas, Texas. Loveless Decl., Ex. 14. WSOU voluntarily dismissed the original complaints and re-filed the current complaints on June 3, 2020. *See* Civil Action Nos. 6:20-cv-211, -216, -224, -228, -229, -231, -238, -240, -242, -254, and -255.

## II.     ARGUMENT AND AUTHORITIES

### A.  Applicable Law

A civil action for patent infringement may be brought "in [1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In a multi-district state, the proper judicial district for purposes of venue under the first prong of § 1400(b) is the district where the defendant "maintains a principal place of business." *In re BigCommerce, Inc.*, 890 F.3d 978, 985 (Fed. Cir. 2018). If a corporate defendant does not maintain a principal place of business within the state in which it is incorporated, then the "natural default is to ***deem it to reside*** in the district in which its registered office, as recorded in its corporate filings, is located[.]" *Id.* (emphasis added).

Although "the time of filing of the complaint" is generally "the relevant time for any venue analysis," *eRoad Ltd. v. PerDiemCo LLC*, 6:19-CV-00026-ADA, 2019 WL 10303654, at *6 (W.D. Tex. Sept. 19, 2019), the Federal Circuit has not stated a rule on the "*exact* timing for determining venue." *See In re Google LLC*, 949 F.3d 1338, 1340 (Fed. Cir. 2020) (emphasis added) ("The regional circuits appear to be split on the exact timing for determining venue. We need not decide the correct standard[.]"). Courts have found the general rule is not rigid. The Seventh Circuit, for example, found "venue is properly lodged in the district if the defendant had a regular and established place of business at the time the cause of action accrued and suit is filed within a reasonable time thereafter." *Welch Sci. Co. v. Human Eng'g Inst., Inc.*, 416 F.2d 32, 36 (7th Cir. 1969) (finding venue proper "under section 1400(b)" where plaintiff filed suit 37 days after

defendant no longer had a regularly established place of business in the district); *but cf. Flowers Indus., Inc. v. FTC*, 835 F.2d 775, 776 n.1 (11th Cir. 1987) (holding otherwise).

### B.  Venue is proper under the first prong of § 1400(b).

ZTE TX's motion to dismiss for improper venue should be denied because venue is proper under the first prong of § 1400(b), under which venue is proper "in the judicial district where the defendant resides." 28 U.S.C. § 1400(b).

> **a. ZTE TX is deemed to reside in this District because it is incorporated in Texas and maintained its registered office in this District until May 14, 2020.**

If a corporate defendant does not maintain a principal place of business within the state in which it is incorporated, then the "natural default is to ***deem it to reside*** in the district in which its registered office, as recorded in its corporate filings, is located[.]" *In re BigCommerce, Inc.*, 890 F.3d at 985.

Here, it is undisputed that ZTE TX was "deemed" to reside in this District at the time WSOU filed its original complaints because, at the time, WSOU's registered office was in Austin, Texas.

Even if the original complaints are ignored, ZTE TX should still be deemed to reside in this District because changed its registered office from Austin to Dallas only *twenty days* before the current cases were filed. A defendant "cannot establish a business in a particular judicial district and then abandon or sell it without remaining amenable to suit for venue purposes in that district for a reasonable time[.]" *Welch Sci. Co.*, 416 F.2d at 36 (finding venue proper under § 1400(b) where defendant ceased doing business in the district only 37 days before the suit was filed). ZTE TX should not be allowed to evade venue in this District by abandoning its registered office in Austin *after* WSOU filed its original complaints here and only twenty days before WSOU re-filed its current complaints. At the very least, venue is proper here because the current complaints were filed a reasonable time after ZTE TX attempted to abandon this District.

There is nothing unfair about this outcome. ZTE TX claims this District (not the NDTX) is the only district in Texas where ZTE TX has maintained a physical place of business. *See* Mtn., Shan Decl. 14. Indeed, ZTE TX paid personal property taxes to Travis County *this year*. Loveless Decl., Ex. 13. ZTE TX's registered office in the NDTX is merely the Dallas location of CT Corporation System.

### b. Venue is proper under § 1391(d).
#### i. §1391(d) applies to patent infringement cases.

Venue is also proper under § 1391(d). As explained in more detail in WSOU's response to ZTE USA Inc.'s motion to dismiss, under § 1391(d) a corporate defendant in a state with multiple districts is deemed to reside in any district in that state within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts. 28 U.S.C. § 1391(d). Although the Supreme Court held that § 1391(c)(2) does not apply to cases for patent infringement, *see TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1521, 197 L. Ed. 2d 816 (2017), that holding should not be applied to § 1391(d) for reasons explained in detail in WSOU's response to the motion to dismiss filed by ZTE USA Inc.

Briefly stated, *TC Heartland* should not be applied to § 1391(d) because: (1) *TC Heartland* involved a case on appeal from a state with only a single district, making § 1391(d) inapplicable to that decision; and (2) the language considered by the Court in *TC Heartland* is different from the relevant language in § 1391(d).

*TC Heartland* rejected the argument that the phrase "[f]or all venue purposes" in § 1392(c)(2) required applying the section to § 1400(b), pointing out that: (1) the statute at issue in *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 222, 77 S. Ct. 787, 788, 1 L. Ed. 2d 786 (1957) included similar language ("for venue purposes") and determined it did not apply to § 1400(b); and (2) § 1391(a) contains a "savings clause" stating that § 1391 "shall govern the venue of all civil actions" "[e]xcept as otherwise

4

provided by law." *Id.* at 1516. *TC Heartland* further found that the *absence* of "under this chapter" in § 1391(c) suggests Congress did not intend § 1391(c) to define "reside" for § 1400(b). *Id.* at 1521.

The opposite is true for § 1391(d), which does not use the general language "[f]or all venue purposes" and instead retains the specific, classic language of incorporation considered: "[f]or purposes of venue under this chapter[.]" 28 U.S.C. § 1391(d) (emphasis added). This specific language clearly states that § 1391(d) of chapter 28 applies to § 1400(b) of chapter 28. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575 (Fed. Cir. 1990), sometimes incorrectly cited as abrogated by *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017).

The broader phrase "[f]or all venue purposes" evaluated in *TC Heartland* does not have the same impact because it is general language that does not specifically apply to chapter 28. As *Fourco* recognized, "[s]pecific terms prevail over the general in the same or another statute which otherwise might be controlling." *Fourco*, 353 U.S. 222, at 228–29.

Although TC Heartland contains certain broad statements about "§ 1391," the discussion in *TC Heartland* is limited exclusively to the effect of the language in new § 1391(c)(2). Limiting its discussion to the language of § 1391(c)(2) was appropriate because the case on appeal in *TC Heartland* involved a suit brought in Delaware, a state with only one district. Therefore, only new § 1391(c)(2) was properly at issue. There is no mention of new §1391(d) in *TC Heartland* and no discussion concerning whether the definition of residence in new §1391(d) applies to §1400(b).

Any notion that *TC Heartland* must apply to the *whole* of § 1391 is refuted by the Court's refusal to address new § 1391(c)(3). Just as § 1391(d) was not at issue in *TC Heartland* because the case on appeal was filed in a state with only one district, § 1391(c)(3) was not at issue because the defendant was a resident of the United States. The Court refused to address new § 1391(c)(3) or "express any opinion on this Court's

holding in *Brunette*" (which applied old § 1391(d) in patent infringement cases despite § 1400(b)). *See TC Heartland* at 7, n. 2 ("We do not here address [the implications for foreign defendants], nor do we express any opinion on this Court's holding in *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.,* 406 U.S. 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972)").

The notion that *TC Heartland* applies to the whole of § 1391 is further refuted by *In Re HTC Corp.*, in which the Federal Circuit refused to extend *TC Heartland* to § 1391(c)(3) and instead affirmed *Brunette*. *In re HTC Corp.*, 889 F.3d 1349, 1356 (Fed. Cir. 2018), cert. denied sub nom. *HTC Corp. v. 3G Licensing, S.A.*, 139 S. Ct. 1271, 203 L. Ed. 2d 279 (2019) (cleaned up) (emphasis in original) ("as the Court held in *Brunette*, § 1400(b) itself was not intended to apply to alien defendants").

> ii. **ZTE USA has sufficient contact with this District to subject it to personal jurisdiction, and therefore, venue.**

Because § 1391(d) applies to patent infringement cases, venue is proper in this District if ZTE TX's contacts with this District would subject it to personal jurisdiction here if this District were a separate state. WSOU's evidence is sufficient to make a prima facie showing that ZTE TX's contacts with this District are sufficient to subject it to personal jurisdiction (and therefore venue). ZTE purposefully places accused products into the stream of commerce in this District. *See* Loveless Decl., Ex. Nos. 1-5, 7-10. Press releases by ZTE state that ZTE had "invested more than $350 million in U.S. growth" as of 2013 and had partnered with the Houston Rockets to demonstrate its "commitment to building community relations ***throughout the state of Texas***." Loveless Decl., Ex. 9 (emphasis added). ZTE advertises itself as the "fourth-largest supplier of mobile devices in the U.S. overall." Loveless Decl., Ex. Nos. 1, 3. On October 15, 2019, ZTE Corp. issued a release from Richardson, Texas, announcing that Blade Vantage 2 would be available in "Verizon stores across the U.S." Loveless Decl., Ex. 10. ZTE has previously admitted that ZTE Corp. sells and ships telecommunication equipment to ZTE USA for distribution in

the United States. Loveless Decl., Ex. 11 ¶18. ZTE TX claims it is not part of this distribution chain, but some of ZTE TX's corporate filings in Texas indicate ZTE TX is 100% owned by ZTE USA. Loveless Decl., Ex. 15.[1]

In *Slyce*, this Court "applied personal jurisdiction against an out of state defendant that sold its software to a third-party, who then bundled the software into an app and sold it in the United States." *Match Group, LLC v. Bumble Trading Inc.*, W-18-CV-00080-ADA, 2020 WL 1287958, at *4 (W.D. Tex. Mar. 18, 2020) (summarizing *Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*, No. W-19-CV-00257-ADA, 2019 WL 7598931 (W.D. Tex. Oct. 22, 2019), reconsideration denied, No. W-19-CV-00257-ADA, 2020 WL 278481 (W.D. Tex. Jan. 10, 2020)). This is precisely how ZTE operates. Loveless Decl., Ex. 11 ¶ 18.

Further, ZTE TX's contacts with this District go beyond placing accused products into the stream of commerce. It is undisputed that ZTE TX is incorporated in Texas, had a registered agent here until May 14, 2020, and that ZTE TX's registered agent in Austin ***accepted service*** of WSOU's complaints in the original cases. *See, e.g.* Civil Action No. 6:20-cv-00211-ADA, Dkt. 10.[2]  Evidence further shows that ZTE TX <u>continues</u> to pay taxes in Travis County. Loveless Decl., Ex. 13.

### C. The Court should allow venue discovery.

If the Court doubts whether ZTE TX's contacts with this District are sufficient to subject it to venue, WSOU requests that the Court allow time to conduct venue discovery concerning ZTE TX's contacts with this District and whether venue is proper under the second prong of § 1400(b) (requiring a regularly established place of business and acts of infringement).

---

[1] ZTE TX's Texas Franchise Tax Public Information Report for 2018 is, however, silent on the ownership of ZTE TX. Loveless Decl., Ex. 15.
[2] By accepting service, ZTE TX indisputably consented to jurisdiction in the original cases, which alleged the *same* infringement as the current cases.

Given ZTE TX's continued payment of property taxes to Travis County and ZTE TX's relationship to ZTE Corp. and ZTE USA, WSOU should be allowed discovery to test ZTE TX's claims that it is not involved in any of the infringing activities, that it is not part of the distribution chain that places products into the stream of commerce in this District, that it maintains corporate formalities, and that it no longer has a regular and established place of business in this District.

## ZTE'S MOTIONS TO TRANSFER

The alternative motions to transfer filed by ZTE Corp. and ZTE TX piggy back on the motion to transfer filed by ZTE USA, arguing that because ZTE USA should be transferred to the NDTX, ZTE Corp. and ZTE TX should be transferred with it to keep the cases together. For the reasons explained in WSOU's response to ZTE USA's motion, ZTE USA should not be transferred to the NDTX. Further, ZTE Corp. and ZTE TX should remain here with ZTE USA.

## CONCLUSION

For the reasons stated above, ZTE Corp.'s and ZTE TX's motions to dismiss or transfer should be denied.

Dated: November 6, 2020

Respectfully submitted,

/s/ *Ryan Loveless*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis Lee Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on November 6, 2020 a true and correct copy of the foregoing document was served upon all counsel of record via email under this Court's Local Rules.

/s/ *Travis Richins*
Travis Richins