**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** *Plaintiff,* | § § § § § § § § § § § § | **C.A. NO. 6:20-cv-00487-ADA** |
| | | **C.A. NO. 6:20-cv-00488-ADA** |
| | | **C.A. NO. 6:20-cv-00489-ADA** |
| | | **C.A. NO. 6:20-cv-00490-ADA** |
| *v.* | | **C.A. NO. 6:20-cv-00491-ADA** |
| | | **C.A. NO. 6:20-cv-00492-ADA** |
| **ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX), INC.,** *Defendants.* | | **C.A. NO. 6:20-cv-00493-ADA** |
| | | **C.A. NO. 6:20-cv-00494-ADA** |
| | | **C.A. NO. 6:20-cv-00495-ADA** |
| | | **C.A. NO. 6:20-cv-00496-ADA** |
| | | **C.A. NO. 6:20-cv-00497-ADA** |

## ORDER DENYING MOTION TO STAY

ZTE Corporation ("ZTE") moved to stay all case activity until the Federal Circuit rules on venue. Dkt. No. 163.[1]  After considering the parties' briefs (Dkt. Nos. 163, 167, 170) and the February 14, 2022 hearing regarding case consolidation (Dkt. No. 174), the Court **DENIES** ZTE's motion to stay.

## BACKGROUND

This Court denied ZTE's motion to transfer venue. Dkt. No. 156. ZTE filed a petition for mandamus seeking to reverse this Court's transfer decision.  *In re ZTE Corporation*, No. 2022-122 (Fed. Cir. Jan 20, 2022).  ZTE now seeks to stay all case activity until the Federal Circuit issues its decision.

This Court heard oral arguments on Aqua Licensing LLC's motion to consolidate this case with several others.  Dkt. No. 174. At the hearing, this Court indicated it will grant the motion to

---

[1] The Court rules on all captioned cases.  Specific citations refer to the docket in Case No. 6:20-cv-00487.

consolidate in part because WSOU has encountered or will encounter the same or similar discovery issues concerning third parties. These common discovery issues have arisen or will likely arise across cases against multiple defendants, including ZTE.

## LAW

### Stays

In determining whether to issue a stay of proceedings, courts consider four factors: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant will suffer irreparable injury if the stay is not granted; (3) whether granting the stay would substantially harm the other parties; and (4) whether the stay would serve the public interest. *U.S. v. McKenzie*, 697 F.2d 1225, 1226 (5th Cir. 1983); *Nken v. Holder*, 556 U.S. 418, 434 (2009).

District courts possess an inherent power to manage their own docket, including the discretionary power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *In re Ramu Corp*., 903 F.2d 312, 318 (5th Cir. 1990). Stays are not awarded as a matter of right. *Nken*, 556 U.S. at 427. The "standard is a demanding one" because a stay "is an intrusion into the ordinary processes of administration and judicial review." *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960, at *2-3 (E.D. Tex. Mar. 24, 2020). The movant has the burden to "make out a clear case of hardship or inequity." *Neodron Ltd. v. Dell Techs. Inc*., No. 1:19-CV-819, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019).

A party filing a petition for a writ of mandamus "seeks an extraordinary remedy from the Court's exercise of discretion." *Smartflash LLC v. Google, Inc.*, No. 6:14-cv-435-JRG-KNM, 2015 U.S. Dist. LEXIS 192373, at *30-31 (E.D. Tex. Apr. 6, 2015). As a result, courts normally "will not delay the normal litigation schedule to accommodate one party seeking this type of extraordinary remedy." *Id*.

**Priority of Venue Decisions**

The Federal Circuit instructed district courts to prioritize deciding transfer motions before reaching the merits of the case.  *In re Apple Inc.*, 979 F.3d 1332, 1343 (Fed. Cir. 2020) ("once a party files a transfer motion, disposition of that motion should take top priority in the case."). These cases do not instruct district courts to stay cases after the district court issues its venue transfer decision, nor do these cases bear on the four-factor analysis.

## ANALYSIS

### (1) Likelihood of Success Assumed.

The Court does not substantively reach this factor because even if ZTE's petition for a writ of mandamus is likely to succeed, the other three factors weigh strongly against a stay and collectively outweigh this factor.  For purposes of this decision, the Court assumes this factor favors ZTE.

### (2) ZTE fails to show an irreparable injury if the stay is not granted.

ZTE will not suffer irreparable harm absent a stay.  ZTE argues that continued discovery and proceeding to a *Markman* hearing will cause irreparable harm.  These typical costs associated with discovery and defending a suit do not warrant a stay. "Ordinary discovery deadlines, without more, does not give rise to an undue burden." *Kaneka Corp. v. JBS Hair, Inc*., No. 3:10-CV-1430, 2011 WL 13167931, at *1 (N.D. Tex. Mar. 30, 2011). "The prospect of burdensome or expensive discovery alone is not sufficient to demonstrate 'irreparable injury.'" *M.D. v. Perry*, No. C-11-84, 2011 WL 7047039, at *2 (S.D. Tex. July 21, 2011).

ZTE complains that it has a disproportionate discovery burden.  Accused infringers naturally produce more documents in patent cases.  Nothing about this imbalance constitutes irreparable harm.  Regardless of whether it occurs in this District or the NDTX, ZTE will have to

proceed with fact discovery related to the accused products and infringement and bear its own burden of production.

ZTE also argues that claim construction should proceed in the transferee forum to minimize duplication of judicial and party efforts. ZTE fails to substantiate its concerns and fails to provide any authority compelling a court in the transferee forum to duplicate the work of this Court.

In conclusion, this factor strongly weighs against a stay due to lack of irreparable harm.

### (3) Granting the stay would harm WSOU.

ZTE argues that a stay would help WSOU conserve resources and otherwise benefit WSOU by preventing duplicative litigation. The Court disagrees.

This case will be consolidated with several others for purposes of judicial efficiency. This court will consolidate the cases, in part, due to related discovery disputes involving WSOU and third parties. This case has or will likely encounter the same discovery issues with those same third parties. It makes no sense to consolidate this case for purposes of discovery only to then immediately stay this case. WSOU would not want to separately relitigate those same discovery requests against ZTE after this case is stayed. In short, a stay will harm WSOU by depriving WSOU of efficiency gained from consolidation.

Additionally, a stay would harm WSOU by delaying WSOU's ability to enforce its patent rights. A stay will destroy the current case schedule, thereby delaying discovery and WSOU's right to timely enforce its patents. *See, e.g.*, *Uniloc*, 2020 WL 1433960, at *4 (delay in prosecution of infringement claims is prejudicial because "a plaintiff has a right to timely enforce its patents"); *Intellectual Ventures II LLC,* 2017 WL 6559172, at *4 (denying a stay pending mandamus noting that "a plaintiff has a right to timely enforcement of its patent rights, even if [it] does not practice the asserted patents, [or] could be made whole by money damages").

In conclusion, this factor strongly weighs against a stay because a stay would harm WSOU.

**(4) Granting the stay would not serve the public interest.**

A stay here would greatly disserve the public interest.  This case will be consolidated with several others for purposes of judicial efficiency.  This court will consolidate the cases, in part, due to related discovery disputes involving third parties who have a strong interest in not staying this case.  This case has or will likely encounter the same discovery issues with those same third parties.  It makes no sense to consolidate this case with others for purposes of discovery only to then immediately stay this case and allow consolidated discovery in the other cases to proceed. Those third parties would not want to separately relitigate those discovery requests in this case after a stay.

In conclusion, the interests of third parties will greatly suffer if this Court grants a stay, so this factor strongly weighs against a stay.

## CONCLUSION

Three of the four factors weigh so strongly against a stay that they collectively outweigh the first factor, regardless of how this Court decides the first factor.  The Court **DENIES** ZTE's motion to stay.


SIGNED this 16th day of February, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE